after the vessel was launched." We are of the opinion that the phrase "covering your bill" construed in connection with the plaintiffs' testimony that the defendants agreed to pay it, could have been fairly interpreted by the jury as corroborative of the plaintiffs' contention. However this may be, the jury, if they believed the plaintiffs and their witnesses, had sufficient other evidence upon which to base their verdict. Motion overruled. *Fellows & Fellows*, for plaintiffs. *Donald F. Snow and Albert T. Gould*, for defendants.

---

## ROBERT J. REILLY *vs.* ANNA W. REILLY.

Penobscot County. Decided June 12, 1923. In the libel for divorce underlying the present case, the allegations of wrong conduct laid by a husband against his wife were those of adultery and cruel and abusive treatment. A decree was entered on the ground of cruel and abusive treatment. But, the record being barren of supporting proof, the granting of the divorce for the cause assigned must be ascribed to the circumstance of finding facts in the absence of evidence, and on this the law frowns. The libellee's exceptions are sustained. *Clinton C. Stevens*, for libellant. *Maxwell & Conquest*, for libellee.

---

## LYDIA DOUCETTE *vs.* E. W. GROSS COMPANY.

Androscoggin County. Decided July 3, 1923. This is an action brought to recover damages which the plaintiff says she received through the negligent conduct of defendant's servants. As usual there is a controversy over the issue as to whether defendant's servants were negligent, and since that issue has been decided by the jury in favor of the plaintiff we would not set the verdict aside on that issue. On the other hand there is no controversy over the conduct of the plaintiff. She told her own story and called witnesses in her behalf; but viewing her testimony in its best light it is plain that

her negligence contributed to the accident and that upon this branch of the case the verdict of the jury is manifestly wrong, hence the mandate must be,    Verdict set aside.    Motion for new trial granted. *Frank A. Morey*, for plaintiff.    *Tascus Atwood*, for defendant.

CLIFTON S. HUMPHREYS et al. *vs.* CHARLES E. OLIVER & SON, Inc.

Somerset County.   Decided July 3, 1923.   Motion for new trial by defendant.   Having failed to convince the court that the verdict of the jury was manifestly wrong, the mandate must be,    Motion overruled.   *Bernard Gibbs*, for plaintiffs.    *C. C. Holman and Gower & Shumway*, for defendant.

MRS. FRED F. O'BRIEN

*vs.*

INHABITANTS OF THE TOWN OF FARMINGTON.

Androscoggin County.   Decided July 16, 1923.   This was an action brought by the plaintiff against the town of Farmington to recover damages for personal injuries alleged to have been received on account of a defect in the sidewalk which it was the duty of the defendant town to keep in repair.   The alleged defect was caused by a broken plank in the sidewalk, and the only question in controversy in the case is the date when the plank was broken and when the twenty-four hour notice of the defect was communicated to one of the selectmen.

The case involved pure questions of fact.   The evidence was contradictory upon the vital issue.   The finding of the jury depended absolutely upon whether the jury believed the evidence of the plaintiff and her witnesses or of the defendants and their witnesses.   The